IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GENI R. MESI,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,[1] Commissioner of Social Security,<br><br>            Defendant. | MEMORANDUM DECISION and ORDER<br><br>Case No: 1:06-CV-81 DN<br><br>Magistrate Judge David Nuffer |

After a full review of the record in this case, and additional briefing by the parties,[2] the court concludes that this case must be remanded to allow the Administrative Law Judge (ALJ) to complete the process he contemplated at the hearing.

At the end of the hearing the ALJ stated:

> And I'm going to apologize, ma'am. It certainly has nothing to do with what you've done or haven't done. It's just an awkward record, based on what we're looking at. As soon as we get that information [additional records and evaluations from treating professionals], if I find that I can make a decision in your favor on the record, I will do so. If I find I can not, I will give Mr. Craig an opportunity for a supplemental hearing or a CE or to give us more records.[3]

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] See Order, docket no. 14; Defendant's Supplemental Brief, docket no. 14; Plaintiff's Supplemental Brief, docket no. 15.

[3] R. 269-70.

It does not appear from the record that the process the ALJ contemplated occurred after the hearing.  Although Plaintiff's representative attempted to secure the additional information from the treating source[4] in the thirty days the record remained open, there is no evidence in the record that any of the three alternatives proposed by the ALJ occurred after additional information was not received from the treating source.

The record clearly demonstrates that the ALJ offered Plaintiff three alternatives if he could not render a favorable decision after the attempt to get more information from the treating source.  Because none those contemplated alternatives occurred, this case should be remanded to have the process completed.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the case is  remanded for further proceedings consistent with this order.

September 24, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[4] *See* Exhibit 1, attached to Plaintiff's Supplemental Brief.