IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| GENI MESI,<br><br>             Plaintiff,<br><br>      vs.<br><br>MICHAEL ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR EAJA ATTORNEY'S FEES**<br><br>Case No: 1:06-CV-81 DN<br><br>Magistrate Judge David Nuffer |

Plaintiff Geni Mesi filed a petition for an award of attorney's fees[1] under the Equal Access to Justice Act ("EAJA"),[2] which is opposed by the Commissioner.[3] The court concludes that Mesi is entitled to an award of attorney's fees in this case, and grants the petition.

BACKGROUND

After fully reviewing the record in this case, the court ordered supplemental briefing on one issue because it did "not appear from the record that the process the ALJ contemplated occurred after the hearing."[4] Specifically, at the end of the hearing, the ALJ apologized to Mesi

---

[1] Petition for EAJA Attorney's Fees, docket no. 17, filed December 6, 2007.

[2] 28 U.S.C. § 2412(d).

[3] Defendant's Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Response), docket no. 20, filed December 20, 2007.

[4] Order for Expedited Briefing on One Issue, docket no. 13.

about the "awkward" record and stated it was not her fault.[5] The ALJ then told Mesi, "if I find that I can make a decision in your favor on the record, I will do so. If I find I can not, I will give Mr. Craig an opportunity for a supplemental hearing or a CE or to give us more records."[6] Mesi did attempt to obtain additional records from the treating source after the hearing, but was unsuccessful.[7] When those records were not forthcoming, the ALJ did not take any of the alternatives he told Mesi he would take if he could not make a decision in her favor. Instead, he issued a decision against her. Consequently, the court has remanded the case to have the process completed because none the contemplated alternatives occurred.[8]

DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[9] Thus, a fee award is required under the EAJA if (1) the plaintiff is a prevailing party; (2) the position of the United States was not substantially justified; and (3) no special circumstances exist that would make an award unjust.[10] Additionally, "once an EAJA

---

[5] R. 269.

[6] R. 269-70.

[7] Plaintiff's Supplemental Brief at 1, docket no. 15; Letter, Exhibit 1 to Supplemental Brief.

[8] Memorandum Decision & Order, docket no. 16.

[9] 28 U.S.C. § 2412(d)(1)(A).

[10] *Hackett v. Barnhart*, 469 F.3d 937, 942 (10th Cir. 2006).

application is filed, the government is on notice, based on the plain language of the statute, that it must justify both its position in any underlying administrative proceedings and its position in any subsequent district court litigation."[11]

The Commissioner contends that an EAJA fees award must be denied because (1) special circumstances exist in this case that make an EAJA award of fees unjust[12], and (2) the Government's position was substantially justified.[13]  First, the Commissioner asserts that special circumstances exist that make an award of fees unjust because the remand could have been avoided if Mesi had diligently sought and provided the ALJ with additional medical information.[14]

Mesi attempted to obtain additional records from the treating source[15] within the thirty days the record remained open.  She did her part.  When the ALJ did not receive the additional information, he did not proceed with any of the three alternatives that he proposed to Mesi at the hearing before ruling against her.  Accordingly, the court does not believe that Mesi's actions in this case constituted special circumstances so unreasonable as to make an award of fees unjust.

Next, the Commissioner argues that the record evidence supports the ALJ's findings and denial of benefits, and therefore, the position of the United States was substantially justified.[16]  This

---

[11]*Id*. at 940 (citing 28 U.S.C. § 2412(d)(2)(D) which states that the phrase "'position of the United States' means, in addition to the position taken by the United States in the civil action , the action or failure to act by the agency upon which the civil action is based.").

[12]Response at 2-5.

[13]*Id*. at 5-9.

[14]*Id*. at 5.

[15]*See* Exhibit 1, attached to Plaintiff's Supplemental Brief.

[16]Response at 5-6.

position completely ignores the ALJ's commitment to Mesi that if he could not rule in her favor based on the record, he would provide "Mr. Craig [Mesi's attorney] an opportunity for a supplemental hearing or a CE or to give us more records."[17]  Clearly, the ALJ did not rule in Mesi's favor based on the record and failed to provide the other alternatives as he promised at the hearing.  Consequently, the Government's position[18] (that the record evidence supports the ALJ's ruling) is *not* substantially justified because the transcript of the hearing shows that the ALJ committed to providing additional alternatives to Mesi before ruling against her.  Because that action did not occur, the court remanded the case to allow the ALJ to complete the process.

      Mesi has submitted an affidavit in support of her petition for attorney's fees.[19]  She is a prevailing party under the EAJA, having obtained a remand to complete the process contemplated by the ALJ and the parties at the hearing.  The Commissioner has not challenged Mesi's computation of her requested attorney's fees including the time expended or the hourly rates.  Because Mesi's fee request appears reasonable,

---

[17]R. 269-70.

[18]*See* 28 U.S.C. § 2412(d)(2)(D)("'position of the United States' means, in addition to the position taken by the United States in the civil action , **the action or failure to act by the agency upon which the civil action is based**.") (emphasis added).

[19]Affidavit in Support of EAJA Attorney's Fees, Attachment 1 to Petition for EAJA Attorney's Fees , docket no. 17.

-5-

## ORDER

IT IS HEREBY ORDERED that the petition for an award of attorney's fees under the Equal Access to Justice Act in the amount of $3,018.15 is GRANTED.[20]  Payment shall be made to directly to Mesi's lawyer on her behalf.

February 5, 2008.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[20]Petition for EAJA Attorney's Fees & Attachments, docket no. 17.